**Rodney Alexander GRAVES–BEY, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF SAN FRANCISCO; et al., Defendants–Appellees.**

**No. 15–17271**

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

FILED September 21, 2016

Rodney Alexander Graves–Bey, Pro Se.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Rodney Alexander Graves–Bey, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from his arrest, charge, conviction, and sentencing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we may affirm on any ground

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

supported by the record, *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed Graves–Bey's claims for damages as *Heck*-barred because success on these claims would necessarily imply the invalidity of his conviction or sentence and Graves–Bey failed to allege facts demonstrating that his conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (the district court must dismiss a damages action, which, if successful, would necessarily imply the invalidity of a conviction, absent a showing that the conviction has been overturned).

The district court properly dismissed Graves–Bey's claims for injunctive relief because Graves–Bey failed to allege facts sufficient to show that he currently faces an immediate threat of irreparable injury. *See Gomez v. Vernon*, 255 F.3d 1118, 1128–29 (9th Cir. 2001) ("[I]njunctive relief is appropriate only when irreparable injury is threatened ... a plaintiff must demonstrate a real or immediate threat that they will be wronged again" (citations and internal quotation marks omitted)).

Dismissal of Graves–Bey's request for a criminal investigation and prosecution of defendants was proper because Graves–Bey lacks standing to compel the investigation or prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

We do not consider Graves–Bey's claims that defendants violated international law

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because Graves–Bey did not properly raise these claims before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.